UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MATHEW LEE WIER**,                                    Civil Case No. 6:12-CV-00151-KI

                 Plaintiff,

                  v.                                    OPINION AND ORDER

Parole/Probation **LINDA HAMILTON;**
Probation Officer **LINDA ROUSHE,** County
Counsel **ALEX GARDNER,** Sheriff of Lane
County **THOMAS M. TURNER,**

                 Defendants.


      Mathew Lee Wier, #12938829
      Warner Creek Correctional Facility
      P.O. Box 1500
      20654 Rabbit Hill Road
      Lakeview, Oregon 97630-5000

          Pro Se Plaintiff

Sebastian Newton-Tapia
Lane County Counsel
125 East 8th Avenue
Eugene, Oregon  97401

     Attorney for Defendants Hamilton, Gardner and Turner

Ellen F. Rosenblum
Attorney General
Kenneth C. Crowley
Senior Assistant Attorney General
Department of Justice
1162 Court Street, NE
Salem, Oregon  97301-4096

     Attorneys for Defendant Melinda Rauch (named as Linda Roush)


KING, Judge:

     Pro se plaintiff Mathew Lee Wier, who is currently incarcerated at Warner Creek

Correctional Facility, brings civil rights claims which arose when Wier was incarcerated at Lane

County Jail for twelve days.  Wier alleges his post-prison supervision had ended when he was

arrested and held for an alleged parole violation.  He alleges claims for false imprisonment,

negligence, and various constitutional violations.  Before the court is Defendant Melinda Rauch's

Motion for Summary Judgment [36] and Motion for Partial Summary Judgment against Claim of

Unlawful Seizure for August 23, 2010 to September 1, 2010 and Motion to Dismiss Defendants

Alex Gardner and Linda Hamilton [48].

## FACTS

     On July 25, 2008, Wier was sentenced to a prison term, to be followed by one year of

post-prison supervision.  The Judgment states that if Wier violates the conditions of post-prison

Page 2 - OPINION AND ORDER

supervision, he is subject to sanctions or additional incarceration imposed by the Oregon Board of Parole and Post-Prison Supervision ("Parole Board").

Wier states[1] he was taken into custody by the Springfield police on July 28, 2010.[2] During his processing into the Springfield jail,[3] he advised the officer of his post-prison supervision status and asked him to contact his parole officer, Linda Hamilton.

Defendant Melinda Rauch was a Hearings Officer for the Parole Board in August 2010. In an Offender Warrant Request Report dated August 3, Hamilton reported that Wier violated the terms of his supervision by missing a scheduled appointment on July 19.  The Request Report also states:  (1) Wier's whereabouts were unknown; and (2) the maximum date of supervision is August 22, 2010.  When Hamilton requested the arrest warrant, she did not know Wier was incarcerated in a Springfield jail at the time.  Hamilton did not learn of this fact until Wier filed this case.

On August 5, the Chair of the Parole Board issued an Order of Supervision Suspension and Detention, suspending Wier's supervision and authorizing law enforcement to take him into custody without bail.

Rauch met with Wier about his parole violation on August 24.  He signed a Notice of Rights and waived his right to a formal hearing and his right to provide written exceptions to the

---

[1]  Wier provides this information in his memorandum and not in a declaration or affidavit. I will assume the truth of the information for purposes of this analysis.

[2]  All dates are in 2010 unless stated otherwise.

[3]  The record mentions a few jail facilities that all appear to be associated with Lane County Jail.  Any variance in the names of the facilities, or whether there is more than one facility, does not affect the analysis.

Parole Board.  Rauch reviewed Hamilton's Parole Officer's Violation and Structured Sanction Report with Wier.  Rauch issued findings and conclusions on August 24, noting that Wier admitted the violation of failing to report to his parole officer, and she recommended a sanction of an additional twelve days in jail.  The sentence is in accord with the Lane County Jail Structured Sanctioning Grid.

Rauch explains that based on her training and experience, Wier's term of post-prison supervision would be extended when the arrest warrant was issued on August 5, until the warrant was cleared, including time for the additional twelve days in jail.  Thus, Rauch believed Wier's custody would be extended from August 23 to September 3.  Hamilton believed the period of post prison supervision would be extended for each day he had absconded from supervision.

The Parole Board did not adopt Rauch's recommendation.  It issued a Certificate of Supervision Expiration, effective August 22.  The Certificate does not state the date the Parole Board issued it, but based on Rauch's affidavit, I assume it was after her August 24 meeting with Wier.  Rauch had no further involvement in Wier's continued custody.  He was not released until September 3.  Hamilton did not receive the Certificate until the day she closed Wier's file, October 29.

Rauch explains her responsibilities as a Hearings Officer are similar to those of a judge, including making findings of fact and conclusions of law, determining relevancy and materiality of witnesses and evidence, issuing subpoenas, and making recommendations to the Parole Board.

Wier was jailed at Lane County Jail from August 23 through September 1 on a charge of physical harassment, Springfield Municipal Court Case Number 10-6531.

Page 4 - OPINION AND ORDER

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The initial burden is on the moving party to point out the absence of any genuine dispute of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains a fact dispute to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party."  Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (internal quotation omitted).

Although a plaintiff need not allege detailed facts, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if the pleading fails to provide "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The Court is required to "assume the veracity" of all well-pleaded factual allegations.  Id. at 678.  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

**DISCUSSION**

I.    <u>Defendant Rauch</u>

Rauch argues that as a Hearings Officer for the Parole Board, she is protected by absolute immunity for her conduct concerning Wier.  Rauch contends her duties include quasi-judicial functions sufficient to satisfy the functional comparability test, entitling her to absolute immunity.  She asks the court to grant summary judgment dismissing all claims Wier alleges against her.

Wier does not dispute that Rauch could be entitled to absolute immunity when performing quasi-judicial functions, but he claims she was performing a judicial function without any jurisdiction.  According to Wier, Rauch had no jurisdiction over him once he was no longer being supervised by the Board when his parole expired on August 22.

Judges are generally absolutely immune from civil liability for actions within their judicial jurisdiction, even if the actions are "in error, are done maliciously, or are in excess of [the judge's] authority."  <u>Meek v. Cnty. of Riverside</u>, 183 F.3d 962, 965 (9th Cir. 1999).  Judges are not absolutely immune from action arising out of official conduct for nonjudicial actions or for actions, "though judicial in nature, taken in the complete absence of all jurisdiction."  <u>Id.</u> (internal quotation omitted).  Other government officials are entitled to absolute quasi-judicial immunity if their "judgments are functional[ly] comparab[le] to those of judges–that is, because they, too, exercise a discretionary judgment as part of their function."  <u>Swift v. California</u>, 384 F.3d 1184, 1188 (9th Cir. 2004) (internal quotation omitted).  Courts have granted parole board officials absolute immunity when they perform quasi-judicial functions such as granting, denying, or revoking parole.  <u>Id.</u> at 1188-89.

Page 6 - OPINION AND ORDER

I agree with Rauch that her duties as a Hearings Officer entitle her to quasi-judicial absolute immunity.  In particular, Rauch exercises her discretion when running the hearings, making findings of fact and conclusions of law, and making recommendations to the Parole Board.  The issue, then, is whether Rauch acted in the complete absence of all jurisdiction.  The evidence from Rauch is that Wier's term of post-prison supervision would be extended until the warrant was cleared, including time for the additional twelve days in jail.  There is no evidence in the record to the contrary.

There is also no evidence the Parole Board issued the Certificate of Supervision Expiration, terminating Wier's supervision effective August 22, prior to Rauch's August 24 meeting with Wier.  Rauch explained the Parole Board did not adopt her recommendation, implying the Parole Board acted after Rauch made the decision at the meeting.  If this was the case, and there is no evidence to the contrary, Rauch acted before the Parole Board terminated Wier's supervision.

For these reasons, I conclude that Rauch made an error, at the worst, but did not act in the complete absence of all jurisdiction.  Thus, she is protected by absolute quasi-judicial immunity.  Accordingly, I dismiss with prejudice all claims against Rauch.

II.    Defendant Gardner

The sole allegation Wier makes against Gardner is that, as County Counsel for Lane County, Gardner held Wier against his will and without cause from August 23 through September 3.  Gardner argues Wier fails to state a claim against him because Wier does not allege Gardner advised the other defendants or was even aware of the sanction of jail time.

Page 7 - OPINION AND ORDER

Wier contends Gardner, as the supervising authority, was responsible for the actions of Hamilton, Rauch, and Turner.

Gardner has been the Interim County Counsel since November 22, 2011, well after Wier's incarceration at issue in this case. According to Gardner's declaration, Lane County Counsel does not supervise the Sheriff's office or any Lane County employee outside of the County Counsel's and the District Attorney's office. Gardner did not supervise the other defendants in this case.

Supervisors are not liable under Section 1983 for actions of subordinates under any theory of vicarious liability. Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012). Wier has not alleged any other possible theories of liability, such as Gardner's personal involvement, and there is no evidence Wier supervised the other defendants. I grant summary judgment dismissing all claims against Gardner.

III.    Defendant Hamilton

Hamilton contends she is entitled either to absolute or qualified immunity.

Wier argues Hamilton acted with malicious intent because she should have reasonably known he was in custody at the Lane County jail when she requested a warrant for his arrest. Based on the Parole Board's issuance of the Certificate of Supervision Expiration, Wier further contends Hamilton lacked jurisdiction for her actions.

Because Hamilton, as a parole officer, performed a different role than Rauch, as a Hearings Officer, I must address whether Hamilton is entitled to absolute immunity.

> [P]arole officials are not entitled to absolute immunity for conduct not requiring the exercise of quasi-judicial discretion. There is no reason to clothe actions taken outside an official's adjudicatory role with the absolute immunity tailored to the

> demands of that role.  Thus, while parole officials may claim absolute immunity
> for those actions relating to their responsibility to determine whether to revoke
> parole, their immunity for conduct arising from their duty to supervise parolees is
> qualified.

Swift, 384 F.3d at 1189 (internal quotations and citations omitted) (California parole officers are

not entitled to absolute immunity for investigating parole violations, ordering the issuance of a

parole hold and orchestrating an arrest, and recommending the initiation of parole revocation

proceedings).

Hamilton's actions here consisted of contacting Wier's last known address when he failed

to report for his July 19 appointment and requesting an arrest warrant.  That conduct is similar to

the parole officer's conduct in Swift, in which the officers investigated a parole violation, issued

a parole hold, and orchestrated an arrest.  Id.  These actions are not functionally comparable to

that of a judge.  Thus, I find Hamilton is not entitled to absolute quasi-judicial immunity.

To determine whether a government employee is entitled to qualified immunity, the court

uses a two-part test:  (1) the court "must determine whether, viewed in the light most favorable to

the plaintiff, the government employee violated the plaintiff's constitutional rights"; and (2) the

court "must also determine whether the rights were clearly established at the time of the

violation."  Friedman v. Boucher, 580 F.3d 847, 852 (9th Cir. 2009).  The court may use its

discretion to decide which of the two prongs should be addressed first.  Pearson v. Callahan, 555

U.S. 223, 236, 129 S. Ct. 808, 818 (2009).

"'The relevant, dispositive inquiry in determining whether a right is clearly established is

whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he

confronted.'" <u>Friedman</u>, 580 F.3d at 858 (quoting <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001)).

Hamilton's actions concluded when she sought the arrest warrant on August 3. This was weeks before the Parole Board issued the Certificate of Supervision Expiration, and after Rauch held the hearing. Thus, Wier's claim against Hamilton rests on his argument that she knew, or should have known, that he was incarcerated when she sought the arrest warrant. There is no evidence the jail officer informed Hamilton that Wier was in custody. Hamilton had probable cause to bring Wier to a hearing for missing his scheduled appointment on July 19. As a practical matter, Hamilton could have Wier arrested if he was not incarcerated, or she could ask for a detainer to be lodged so the jail would not release him if the Springfield municipal charge was resolved before the alleged supervision violation. Thus, a reasonable officer in Hamilton's position, without knowledge that Wier was in custody, had no way to know he or she had done something unlawful. Hamilton is entitled to qualified immunity. I dismiss all claims with prejudice against Hamilton.

IV.    <u>Defendant Turner</u>

It is undisputed Wier was held at Lane County Jail from August 23 through September 1 for unrelated Springfield municipal charges. Defendant Turner seeks partial summary judgment dismissing the part of Wier's claims during that period because Wier was not injured by being incarcerated then.

Wier provides no argument in response. I agree the record shows the jail correctly held Wier during those dates, based on the unrelated charges. Accordingly, I grant partial summary

judgment over that portion of the claims–Wier is not entitled to damages for his incarceration

from August 23 through September 1.

## CONCLUSION

Defendant Rauch's Motion for Summary Judgment [36] and Motion for Partial Summary

Judgment against Claim of Unlawful Seizure for August 23,1010 to September 1, 2010 and

Motion to Dismiss Defendant Alex Gardner and Motion to Dismiss Defendant Linda Hamilton

[48] are granted as explained above.  All claims are dismissed against defendants Hamilton,

Rauch, and Gardner.  The only claims remaining for trial are those against Sheriff Turner, with

no damages available for Wier's incarceration from August 23 through September 1.  The court

will address Defendants' Motion to Hold Plaintiff in Contempt [61] during a phone conference

the court will hold this spring to schedule the trial.

IT IS SO ORDERED.

Dated this _____4th_____ day of February, 2013.


 /s/ Garr M. King_____
Garr M. King
United States District Judge